UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIE YU,

        Petitioner,                Case Number 25-13421
                                          Honorable David M. Lawson

v.

JEREMY HOWARD,

        Respondent.
_____/

**<u>OPINION AND ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE</u>**

      In two cases consolidated for trial, an Oakland County, Michigan jury convicted petitioner Jie Yu of assault, stalking, and various weapons charges, and she was sentenced to at least 22 years in prison. According to state records, she did not appeal her convictions or sentences, although it appears that she may have made an attempt to do so. Yu has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging those convictions. She raises four claims for relief, but she has not exhausted her state court remedies for any of her claims. Before a state prisoner may petition a federal court for habeas corpus relief, she must present her claims to the state courts and obtain a ruling. That is known as the rule of exhaustion of state court remedies. Because Yu has not exhausted state court remedies, and because there is sufficient time to return to state court and present those claims before the statute of limitations expires on her right to file a habeas corpus petition, the Court will dismiss this petition without prejudice.

I.

      Yu's convictions stem from two separate cases that were consolidated for a jury trial in the Oakland County, Michigan circuit court. In Case No. 2025-292289-FH, Yu was convicted of two

counts of aggravated stalking. In Case No. 2025-290497-FC, she was convicted of assault with intent to murder, aggravated stalking, carrying a concealed weapon, and two counts of possession of a firearm during the commission of a felony (felony firearm). On May 20, 2025, the trial court sentenced Yu to prison terms of 18 to 60 years for assault with intent to murder, 2 to 5 years for each aggravated stalking conviction, 2 to 5 years for carrying a concealed weapon, and 2 years for each felony-firearm conviction.

A search of publicly available dockets for the Michigan Court of Appeals and Michigan Supreme Court shows that she did not file an appeal. Yu also did not file a motion for relief from judgment in state court. *See* Register of Actions, Oakland County Circuit Court Case Nos. 2025-292289-FH, 2025-290497-FC, https://courtexplorer.oakgov.com/oaklandcounty/SearchCases.

Yu filed the present habeas corpus petition in this Court without the assistance of a lawyer on October 22, 2025. She argues that her convictions and sentences are unlawful because (1) her right to procedural due process was violated, (2) her right to equal protection under the law was violated, (3) her right to speak on her own behalf was violated, and (4) her criminal proceedings violated the Michigan Constitution. She alleges in her petition that she corresponded by letter with the appellate courts but that her requests were rejected without an explanation. In all events, though, there is no record of any appeal having been docketed.

II.

When a prisoner files a petition for habeas corpus, the Court must undertake a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration of the petition and any annexed exhibits, the Court determines that the petitioner is not entitled to relief, the Court must summarily

dismiss the petition. Rule 4, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that a district court has the duty to "screen out" petitions that lack merit on their face). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

It is well settled that a state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state court remedies. 28 U.S.C. § 2254(b)(1)(A), (c). The exhaustion doctrine requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845, 847. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99 (1995) (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987)); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) ("Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009);

*Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that her state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

Yu has not carried that burden here. She has not alleged, nor does it appear from the state court records, that she properly filed a direct appeal in the Michigan Court of Appeals or the Michigan Supreme Court. Yu mentions sending an appeal to the court of appeals but states that the appeal was rejected without ever being reviewed. (*See* ECF No. 1, PageID.16.) The Michigan Court of Appeals docket does not show an appeal filed by Yu. Generally, to be valid, appeal documents must be submitted in accordance with the state's procedural requirements. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (determining when a post-conviction motion is "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2)). The submission of an appeal that is rejected for filing is insufficient to exhaust state court remedies.

Yu must exhaust her state court remedies as long as there still is a state-court procedure available for her to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). Michigan Court Rule 7.205(A)(2)(a) allows a defendant six months from entry of the judgment to file an application for leave to appeal. That time has lapsed, but she still may exhaust state court remedies by filing a motion for relief from judgment in the state trial court. *See* Mich. Ct. R. 6.501 *et seq*. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203. After Yu has returned to state court and presented her claims through one complete round of the state court appellate process, she may file a new petition for a writ of habeas corpus.

Outright dismissal of this petition will not jeopardize the timeliness of a future petition if Yu follows the proper procedures. The one-year limitations period will not begin to run until Yu's conviction becomes final. If Yu does not file a delayed application for leave to appeal in the Michigan Court of Appeals, her conviction will become final when the time for doing so expires. If she files a delayed application for leave to appeal, her conviction will become final 90 days after the Michigan Supreme Court decides her application for leave to appeal. *Jiminez v. Quarterman*, 555 U.S. 113, 120 (2009) (noting that a conviction becomes final when "the time for filing a certiorari petition expires"). This means the limitations period had not even begun to run when she filed this petition. And, if Yu properly files a motion for relief from judgment in state court, the one-year limitations period is tolled during the pendency of the motion. *See* 28 U.S.C. § 2244(d)(2). Yu has ample time to exhaust her claims in state court and then file a fully exhausted habeas petition in federal court.

### III.

Yu has not exhausted her state court remedies on any of the claims presented in her petition for a writ of habeas corpus nor has she given any reason for failing to do so, and avenues to exhaust her claims remain available in state court.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:   December 15, 2025